UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM SCHMIDT, Individually**

    Plaintiff,

v.                                         Case No: 5:21-cv-413-JSM-PRL

**VELEZ ENTERPRISES, LLC and JOSE JAIME VELEZ,**

    Defendants.

### ORDER

This matter is before the Court on Plaintiff William Schmidt's motion to compel the production of documents from Defendants Jose Jaime Velez ("Velez") and Velez Enterprises, LLC, d/b/a Operations & Quality Systems Improvement Experts ("OQSIE"). (Doc. 22). Defendants filed a response (Doc. 25) and a supporting declaration by Velez. (Doc. 26). For the reasons discussed below, Plaintiff's motion to compel (Doc. 22) is due to be **GRANTED**.

    **I.**     **Background**

This action arises out of Schmidt's retirement from OQSIE on May 21, 2020. Schmidt alleges that Defendants *inter alia* have failed to pay him the sums due and owing to him pursuant to the William Schmidt Retirement Agreement ("Retirement Agreement") and the Operations & Quality Systems Improvement Experts Partner Collaboration Agreement (the "Collaboration Agreement"). Pursuant to the Retirement Agreement, Velez was required to make regular monthly payments to Schmidt in the amount of at least $30,000 per month, and in an amount of no less than 50% of [OQSIE's] gross profits earned on a cash basis between

July 1, 2020 and June 30, 2021. Under the Collaboration Agreement, OQSIE was required to pay Schmidt for business he generated for OQSIE and Velez after the date of his retirement.

On October 14, 2021, Schmidt served Defendants with the First Request for Production of Documents. (Doc. 22-1). After an agreed upon extension, Defendants served their response and objections, in which they raised no objections and stated that "[d]ocuments responsive to this request will be produced at a mutually convenient date subject to a confidentiality order." (Doc. 22-2). The parties subsequently executed a confidentiality agreement on December 10, 2021. Then, on December 20, 2021, Defendants produced responsive documents along with an amended response and asserted objections as to certain requests, including request number 21, which Defendants claimed was "vague and overbroad." (Doc. 22-3). According to Schmidt, despite conferring with opposing counsel, and a subsequent production of additional documents, Defendants have failed to provide a full and complete production responsive to the RFP. This motion to compel followed.

**II.  Standards**

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

### III. Discussion

At issue here, are Schmidt's discovery requests seeking documents from Defendants related to business Schmidt generated for OQSIE since his retirement and accounting documents showing OQSIE's overall profitability. Specifically, Schmidt seeks the full and complete production of documents responsive to:

RFP #14

All documents related to any business that Schmidt generated for OQSIE since May 21, 2020, including but not limited to all communications and emails.

RFP #15

All documents related to Velez's or OQSIE's knowledge of any business generated by Schmidt for Velez or OQSIE since May 21, 2020, including but not limited to all communications and emails.

RFP #16

All documents related to the value of any business that Schmidt generated for Velez or OQSIE since May 21, 2020, including but not limited to all communications and emails.

RFP #17

All documents related to OQSIE's gross margins on any business that Schmidt generated for Velez or OQSIE since May 21, 2020, including but not limited to all communications and emails.

RFP #21

All of OQSIE's QuickBook, or other accounting software, records.

Schmidt claims that he has generated business opportunities for OQSIE with seventeen companies for which he is or was due compensation. (Doc. 22 at 8-9). Schmidt contends that Defendants have failed to produce any external communications or purchase orders or invoices in relation to thirteen of those companies; and very limited documentation

as to three others. Schmidt further claims that Defendants have not provided OQSIE's Quickbook, or other accounting software, records, and they have redacted certain information from its "Sales by Customer Summary." In addition, Schmidt argues that Defendants have produced documents in two large PDF files, and not in native format as requested in Paragraph 13 of Plaintiff's First Request for Production. (Doc. 22-1).

Defendants contend that they should not be ordered to produce additional documents because they have already produced reports that purportedly provide the requested information: (1) their sales by customer reports from QuickBooks for the period from January 1, 2020 through April 4, 2022; (2) The QuickBooks company-wide profit and loss report for the period of January 1, 2020 through April 4, 2022; and (3) "P&L by Customer" report from QuickBooks showing gross and net profits by customer for January 2020 through March of 2022. (Doc. 26).

While Defendants argue that Schmidt has all of the information he "legitimately needs to calculate damages or compensation based on sales to and gross margins" for the seventeen businesses, Defendants have not provided the documents actually requested by Schmidt's discovery requests. In the absence of properly raised objections to the requests, Defendants' assertion in the current response that requiring additional production would be "overkill" is not persuasive. The Court finds that Schmidt's requests are relevant to his claims that Velez and OQSIE breached the Retirement Agreement and the Collaboration Agreement and the requests are proportional to the needs of the case. Defendants' belated objections –raised for the first time in response to the instant motion to compel—are overruled.

Accordingly, within **ten days** of this Order, Defendants shall produce all documents responsive to requests for production numbered 14, 15, 16, 17, and 21. With respect to request

for production number 21, documents shall be produced for the time period of January 1, 2020 through April 4, 2022. Defendants objected (in their amended response) to this request for production as "vague and overbroad" and Schmidt has not offered any explanation as to why accounting records from January 2016 (four and a half years before his retirement) are needed. Defendants shall produce all responsive documents in native format pursuant to Paragraph 13 of Plaintiff's First Request for Production.

Finally, as for Schmidt's request for sanctions, the Court finds that, an award is mandated by Rule 37(a)(5)(A). Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, before filing this motion, counsel for Schmidt corresponded with defense counsel in efforts to obtain the discovery. Further, while Defendants concede that the reports (upon which they are currently relying) were produced after this motion was filed, they fail to explain why the delay was substantially justified. For these reasons, Schmidt is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Defendants are hereby ordered to pay to Schmidt the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the instant motion. Schmidt shall submit within **ten days** of this Order an affidavit detailing the reasonable

- 6 -

expenses and fees incurred in preparing and filing the motion to compel. To the extent that Defendants object to the amount of expenses and fees claimed by Schmidt, they shall file a response within ten days of service of Schmidt's affidavit. Upon receipt of Schmidt's affidavit and any objections by Defendants, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

      **DONE** and **ORDERED** in Ocala, Florida on April 26, 2022.

                                                        PHILIP R. LAMMENS
                                                        United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties